UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60120-BLOOM/Valle

KENNETH CARL GUY,

    Plaintiff,
v.

STATE OF FLORIDA and PLAZA
HOME MORTGAGE,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On January 14, 2019, Plaintiff filed an Initial Complaint and Emergency Request for Preliminary Injunction, ECF No. [1] ("Complaint"). For the reasons set for below, Plaintiff's Complaint is dismissed.

Plaintiff Kenneth Carl Guy brings this action, *pro se*, alleging that he purchased a property in Oakland Park, Florida that was improperly foreclosed upon as a result of a mortgage fraud ring orchestrated by his former employer. ECF No. [1] ¶¶ 3-36. Plaintiff asserts 15 claims apparently stemming from alleged wrongdoing relating to the foreclosure proceeding.

Plaintiff has not paid the required filing fee and therefore the screening provisions of 28 28 U.S.C. § 1915(e) are applicable. Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required to dismiss cases where the Plaintiff seeks to proceed *in forma pauperis* and the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). We construe the pleadings of pro se litigants liberally. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

Furthermore, federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Plaintiff's 43-page Complaint is largely incomprehensible but appears to challenge the actions of the State of Florida and certain judges and litigants claiming fraud upon the court. See ECF NO. [1], at 5. The Plaintiff recounts the course of proceedings before the Seventeenth Judicial Circuit in a criminal case where the Plaintiff was charged with a felony. However, critically, Plaintiff states that he filed his "Fraud Upon the Court" motion in that case. Moreover, none of the counts contain *any* allegations of facts relating to the named Defendants in this action — the State of Florida and Plaza Home Mortgage. Plaintiff's complaint does not allow the court to draw any reasonable inference that the Defendants are liable for violations of Plaintiff's federal

rights. The specific claims set forth in Counts I-V seek to challenge a decision and actions by the Fourth District Court of Appeal. See *Id.* at pp. 11 – 17, Exh. p.18. The additional counts challenge the decisions and actions in state court, including those of the judges and clerks.

To extent that Plaintiff is seeking or has sought similar relief in state court, either the *Colorado River* doctrine or the *Rooker-Feldman* doctrine would apply. "*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). The *Colorado River* doctrine speaks equally to declining or staying consideration of a case. *See*, *e.g.*, *Fla. Dep't of Fin. Servs. v. Midwest Merger Mgmt., LLC*, 2008 WL 3259045, at *5 (N.D. Fla. Aug. 6, 2008).

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir.2009); *see also Nicholson v. Shafe,* 558 F.3d 1266, 1271 (11th Cir.2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar,* 630 F.3d 1336, 1340–41 (11th Cir.2011) (where applicable, *Rooker–Feldman* deprives federal court of subject matter jurisdiction). *Rooker–Feldman* is "confined to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1072 (11th Cir.2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine applies to claims actually raised before the state court "and to those 'inextricably intertwined' with the state court's

3

judgment." *Casale,* 558 F.3d at 1260.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**;

2. The Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* , **ECF No. [3]**, is **DENIED** as moot.

3. The Plaintiff's Motion for Permission for Electronic Case Filing, **ECF No. [4]**, is DENIED as moot.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Kenneth Carl Guy
3109 Oakland Shores Drive
Oakland Park, FL 33309