UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60120-BLOOM/Valle

KENNETH CARL GUY,

    Plaintiff,

v.

STATE OF FLORIDA and PLAZA
HOME MORTGAGE,

    Defendants.

_____/

**ORDER DENYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

**THIS CAUSE** is before the Court upon Plaintiff Kenneth Carl Guy's ("Plaintiff") Motion for Permission to Appeal *In Forma Pauperis*, ECF No. [15] ("Motion"). The Court has reviewed the Motion, the applicable law, and is otherwise fully advised. After careful consideration of the Motion the Court denies the request ***without prejudice*** because the Motion does not satisfy the requirements of Federal Rule of Appellate Procedure 24.

Federal Rule of Appellate Procedure 24(a)(1)(C) states that a party desiring to appeal *in forma pauperis* must file a motion in the district court that attaches an "affidavit that . . . states the issues that the party intends to present on appeal." Fed. R. App. Pro. 24(a)(1)(C). Plaintiff states in his Motion that the Court concluded "that the facts alleged are now moot" and questioned: "how can the Colorado River doctrine … be cited with the mootness doctrine?" ECF No. [15] at 1. Plaintiff also states that "he was denied access to the federal courts based on a federal law barring access to vexatious pro se litigants that are or who have been in custody" and requests that the "court consider[] the federal law exception to any accusations of vexatious litigation." *Id.*

The Order of Dismissal, ECF No. [5], specifically states that Plaintiff's claims could not proceed because "none of the counts contain *any* allegations of facts relating to the named Defendants" and "Plaintiff's complaint does not allow the court to draw any reasonable inference that the Defendants are liable for violations of Plaintiff's federal rights." ECF No. [5] at 2-3. Additionally, the Court stated that "To extent that Plaintiff is seeking or has sought similar relief in state court, either the *Colorado River* doctrine or the *Rooker-Feldman* doctrine would apply. *Id.* at 3. Accordingly, the Court dismissed Plaintiff's Complaint without prejudice. *Id.* at 4. Having dismissed the Complaint, the Court denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* as moot. The Court did not, as Plaintiff suggests, dismiss the Complaint due to mootness.

Plaintiff's Complaint was dismissed upon the Court's screening pursuant to 28 U.S.C. § 1915(e). ECF No. [5] at 1. Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required to dismiss cases where the Plaintiff seeks to proceed *in forma pauperis* and the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint was not dismissed due to "allegations of frivolousness" and Plaintiff has identified no "federal law exception" to the screening requirements of 28 U.S.C. § 1915(e).

Plaintiff's Motion therefore does not adequately identify the "issues that [Plaintiff] intends to present on appeal" relating to the Court's Order of Dismissal, as required by Federal Rule of Appellate Procedure 24(a)(1)(C).[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [15],**

---

[1] The Court notes that it did not evaluate whether Plaintiff's Complaint has been timely filed, nor whether tolling provisions would apply.

Case No. 19-cv-60120-BLOOM/Valle

is **DENIED WITHOUT PREJUDICE.**[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 16, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Kenneth Carl Guy
405 Diamond Rd.
Salem, VA 24153

---

[2] Should the Plaintiff wish to proceed on her appeal, the Court also directs the Plaintiff to Federal Rule of Appellate Procedure 24(a)(5), which states that a "party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)." *See* Fed. R. App. P. 24(a)(5).